UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALDO BROWN | No. 14 CR 674<br><br>Judge Virginia Kendall |

**GOVERNMENT'S MOTION *IN LIMINE*
TO BAR DEFENSE EXPERT TESTIMONY**

The UNITED STATES OF AMERICA, by its attorney, ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, respectfully submits this motion *in limine* seeking a pretrial ruling excluding the expert testimony of John B. Farrell proposed by defendant ALDO BROWN.

**I.   Background**

*a. The Indictment*

On November 18, 2014, the grand jury returned a three-count indictment against defendant Aldo Brown. The charges relate to the defendant's unlawful seizure and use of unreasonable force, with respect to Victim A, on September 27, 2012, and the accuracy of the defendant's own police reports documenting the incident with Victim A, in violation of Title 18, United States Code, Sections 242 and 1519. The case has been scheduled for trial on October 19, 2015.

Specifically, Count One of the indictment alleges that on or about September 27, 2012, the defendant, "acting under color of law, willfully subjected Victim A to the deprivation of rights . . . , specifically the right to be free from unlawful seizures

protected by the Fourth and Fourteenth Amendments, and the right to be free from the use of unreasonable force protected by the Fourth and Fourteenth Amendments, by such acts that included punching and kicking and resulted in bodily injury to Victim A." (Dock. #1, p. 1, ¶ 2.)

The indictment further specifies that defendant was a Chicago Police Department officer who, along with Officer A, "entered a convenience store located on East 76th Street in Chicago . . . . [and] placed certain individuals inside of the convenience store in handcuffs, including Victim A." (Dock. 1, p.1, ¶ 1(c)). The indictment also alleges that the defendant and Officer A "then began searching the store and the individuals inside." (Id.)

With respect to the defendant's use of force, the indictment alleges the following:

(d) Shortly after Officer A removed the handcuffs from Victim A, defendant Aldo Brown struck Victim A multiple times.

(e) At a time when Victim A was lying face down on the floor of the convenience store, again in handcuffs, defendant Aldo Brown recovered a firearm from Victim A's rear pants pocket.

(f) After the recovery of the firearm and while Victim A was still handcuffed and lying face down on the floor of the convenience store, defendant Aldo Brown kicked Victim A.

(Id. at p.1-2, ¶¶1(d)-(f)).

Count Two of the indictment incorporates the allegations in Count One of the indictment and also alleges that defendant, with the intent to impede, obstruct, and

influence the investigation and proper administration of a matter within the jurisdiction of the FBI, knowingly falsified and made a false entry in a Chicago Police Department tactical response report under the specific event number 1227108076. (Dock. #1 at p. 3, ¶ 2.) Count Two further specifies that the false statements included "that Victim A was an 'active resister,' who 'fled' and 'pulled away,' and which did not indicate that defendant punched and kicked Victim A when defendant knew that Victim A did not actively resist, attempt to flee the situation, or pull away from defendant that defendant." (Id.)

With respect to Count Three, the indictment incorporates the allegations set forth in Count One and alleges that defendant also falsified and made a false entry in the Chicago Police Department arrest report for the same incident. (Dock. #1 at p. 4, ¶ 4.) The indictment then identifies the portion of the arrest report that contained multiple false statements and specifies that "defendant knew that the arrest report was false for multiple reasons, including:

(a) defendant Aldo Brown did not observe a firearm on Victim A at the time of the field interview;

(b) defendant Aldo Brown did not know that Victim A had a firearm in his possession until after defendant Aldo Brown struck Victim A multiple times, handcuffed him for a second time, and Victim A was lying on the floor of the convenience store; and

(c) Victim A did not pull away from defendant Aldo Brown as indicated in the arrest report."

3

(Dock. #1 at p. 4-5, ¶¶ 2(a)-(c)).

  b. *Discovery*

On January 12, 2015, defense counsel filed a motion for substitution of counsel. On January 16, 2015, this Court granted defendant's motion to substitute counsel. On January 21, 2015, the government sent defense counsel a copy of the discovery in this case, along with an index of the materials, which included reports, certain grand jury transcripts, and recordings of interviews of witnesses, including Victim A, as well as surveillance video depicting the September 27 incident inside the convenience store. In its Rule 16 letter, the government requested discovery of the defendant pursuant to Rule 12 and Rule 16. To date, the government has not received any discovery from the defense.

  c. *Defendant's Expert Disclosure*

On July 14, 2015, defendant provided the government with an Expert Report from John B. Farrell. A redacted version of this report (omitting the names and addresses of non-parties to the case) is attached as Exhibit 1. In summary, Farrell's report states that Farrell's opinion is that defendant did not use excessive force on September 27, 2012. The report provides that the bases for Farrell's opinion are: (1) the video recordings of the incident from convenience store cameras, (2) the Chicago Police Case Report and Arrest Report, (3) Tactical Response Reports by defendant and Officer A, and (4) an interview of defendant on July 9, 2015. Ex. 1 at 2-3. The expert report repeatedly refers to defendant's July 9, 2015, statements as the basis for almost all of the conclusions made in the report. Ex. 1 at 6-8. As set forth in

4

Exhibit 2 to this motion, the government has conferred with the defense regarding the disclosure of the defendant's July 9 statements. The defense has failed to respond to the government's latest attempt to confer.

Accordingly, for the reasons below, the government moves to exclude the proposed expert testimony of Farrell.

**II.     Argument**

Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), govern the admissibility of expert testimony. Experts are permitted to testify when their testimony is "(1) based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Id*. *Daubert* requires the district court to act as an evidentiary gatekeeper, ensuring that Rule 702's requirements of reliability and relevance are satisfied before allowing the finder of fact to hear the testimony of a proffered expert. *Id*. at 589, *see also Kumho Tire. Co. v. Carmichael*, 526 U.S. 137, 147-49 (1999); *cf. Taylor v. Illinois*, 484 U.S. 400, 410 (1988) ("The accused does not have an unfettered right to offer testimony that is incompetent, privileged, or other inadmissible under the standard rules of evidence."). "The proponent of the expert bears the burden of demonstrating that the expert's testimony would satisfy the *Daubert* standard by a preponderance of the evidence." *Jordan v. City of Chicago*, 2012 WL 88158, *1, (N.D. Ill. Jan. 11, 2012) (St. Eve, J.).

5

In this case, the defense has refused to tender all of the bases of Farrell's opinion, specifically, the defendant's statements to Farrell. Without this information, neither the government nor the Court can determine whether Farrell's proposed testimony complies with Rule 702 and *Daubert*. Without this disclosure, it is nearly impossible to discern whether Farrell's opinions are based on the defendant's versions of events; whether Farrell is crediting one of defendant's version of events over another (*i.e.* the police reports, tactical reports, or the July 9 statements); and what factual assumptions Farrell has made.

Further, defendant's out-of-court self-serving statements, which form the basis of Farrell's opinions, are inadmissible hearsay. Under Federal Rules of Evidence 702 and 703, "a party cannot call an expert simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony." *United States v. Kantengwa*, 781 F.3d 545, 561 (1st Cir. 2015) (quoting *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 136 (2d Cir. 2013)) (internal quotation marks omitted); *see also United States v. Beavers*, 756 F.3d 1044, 1054 (7th Cir. 2014) (expert testimony based on defendant's statements would allow defendant to present "highly selective and favorable statements of defendant to the jury without having to face cross-examination.").[1] Rather, as the Second Circuit has observed: "The appropriate way to adduce factual details of specific past events is, where possible, through persons who witnessed those events. And the jobs of judging these witnesses' credibility and drawing inferences from their testimony

---

[1] Under Federal Rule of Evidence 703, inadmissible facts or data may be disclosed to the jury only if their probative value substantially outweighs their prejudicial effect.

belong to the factfinder." *Kantengwa*, 781 F.3d at 561 (*quoting Marvel*, 726 F.3d at 136).

Moreover, without access to Farrell's underlying data or facts, effective cross-examination will be impossible at trial and therefore, the prejudicial effect of his testimony would substantially outweigh any probative value under Federal Rules of Evidence 403 and 703. For all these reasons, the Court should exclude Ferrell's proposed expert testimony.

Alternatively, Federal Rule of Evidence 705 provides that an expert need not disclose the fact or data underlying his opinion prior to his testimony unless the court orders otherwise until cross-examination. This is similar to the Jencks Act's disclosure requirement. The Advisory Committee notes for Rule 705 state that it "assumes that the cross-examiner has the advance knowledge which is essential for effective cross-examination." Accordingly, it is within this Court's discretion to order the disclosure of defendant's July 9 statements in advance of trial in order to ensure whether Farrell's opinions are reliable and minimize delays or disruptions during trial.

### III.   Conclusion

For the reasons set forth above, the testimony of John Ferrell should be excluded and, in the alternative, the Court should order the defense to produce defendant's July 9 statements to the government pursuant to Federal Rule of Evidence 705 in advance of trial.

                      Respectfully submitted,

                      ZACHARY T. FARDON
                      United States Attorney

By:   /s/ *Jessica Romero*
        JESSICA ROMERO
        Assistant U.S. Attorney
        219 South Dearborn St., 5th Floor
        Chicago, Illinois 60604
        (312) 353-4137

## **CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), the following document:

### GOVERNMENT'S MOTION *IN LIMINE*
### TO BAR DEFENSE EXPERT TESTIMONY

was served pursuant to the district court's ECF system as to ECF filers on July 28, 2015.

> */s/Jessica Romero*
> JESSICA ROMERO
> Assistant United States Attorney
> 219 S. Dearborn Street, 5th Floor
> Chicago, Illinois 60604
> (312) 353-4137