# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14-CR-00674 |
| v. ) | |
| ) | |
| ALDO BROWN ) | Judge Virginia M. Kendall |
| ) | |
| Defendant. ) | |

## DEFENDANT'S RESPONSE TO
## GOVERNMENT'S MOTION *IN LIMINE*
## TO BAR DEFENSE EXPERT TESTIMONY

NOW COMES, the defendant, ALDO BROWN, by and through his attorney DANIEL Q. HERBERT, from the Law Offices of Daniel Q. Herbert & Associates, respectfully submits this response to the Government's Motion *In Limine* to bar defense expert testimony and in response, Defendant responds as follows:

District courts have "particularly wide discretion" in admitting expert testimony. *Kladis v. Brezeh*, 823 F.2d 1014, 1019 (1987) (quoting *United States v. Tranowski*, 659 F.2d 750, 755 (7th Cir. 1981). In determining the admissibility of expert opinion testimony, the court applies a three-step analysis asking: (1) is the expert qualified?; (2) is the expert's reasoning or methodology reliable?; and (3) does the testimony help the trier of fact understand the evidence or determine a fact in dispute? *Ervin v. Johnson & Johnson, Inc.,* 492 F.3d 901, 904 (7th Cir. 2007). Defense expert, John B. Farrell ("Farrell") is a qualified law enforcement expert in police training and "use of force" by his many years of police experience and his extensive training in the area of police officer's use of force. (See Farrell's curriculum vitae and expert report,

1

attached herein as Exhibit 1). His opinions are based on facts "of a type reasonably relied upon by experts" in the field of police work.

On July 28, 2015 the Government filed its motion *in limine* to bar the testimony of defense expert John B. Farrell ("Farrell") or, in the alternative, order defense counsel disclose certain statements made by defendant to Farrell. (Doc. # 53). The Government argues that it cannot determine whether Farrell's proposed testimony complies with Rule 702 and *Daubert* because the defense refused to tender all of the bases of Farrell's opinions, specifically statements made by defendant to Farrell on July 9, 2015. As of August 25, 2015 defense counsel tendered to the Government the July 9, 2015 statements made by defendant to Farrell, as evidenced by Exhibit 2 of this motion. Accordingly, defendant has produced all statements responsive to Government's motion *in limine*. Thus, the Government is in a position in which it can determine whether Farrell's proposed testimony complies with Rule 702 and *Daubert*. As such, the Court should deny the Government's motion to bar Farrell's proposed expert testimony because defense counsel has fully complied with Rule 702 and *Daubert*.

The Government also seeks to bar Farrell's expert testimony because his opinions are based in part on inadmissible hearsay statements, namely defendant's July 9 statements. As an initial matter, the statements are not hearsay and should be admissible at trial. However, assuming *arguendo* that the statements are hearsay, an expert is not limited to relying on admissible evidence in formulating his opinion. *Boim v. Holy Land Found. For Relief & Dev.*, 549 F.3d 685, 704 (7th Cir. 2008). To do so "would be a crippling limitation because experts don't characteristically base their expert judgments on legally admissible evidence; the rules of evidence are not intended for the guidance of experts." *Id.* An expert is permitted wide latitude to render opinions, including those not based on firsthand knowledge or observation. *Daubert*,

2

509 U.S. at 592, 595. The information Farrell relied on when drawing his conclusions regarding the proportionality of defendant's use of force "need not be admissible in evidence" so long as the facts or data on which he relied was "of a type reasonably relied upon by experts in the particular field." FED.RUL.EVID 703. Unfortunately, the video in this case does not contain audio. Because of this critical fact, it would be impossible for anyone to properly opine on the appropriateness of Defendant's actions in this case without knowing what was being said and by whom it was said at critical situations during the event at issue. Defendant's first hand observations of the incident are the type of facts reasonably relied upon by other experts in the field. Moreover, to the extent the Government makes it appear as though Farrell's expert opinion is based solely on defendant's statements, his report makes clear that he relied on data and facts extraneous to those of defendant's accounts. Regardless, because defendant's statements are of a type reasonably relied upon by other experts in the particular field, the Court should deny the Government's motion to exclude Farrell's proposed expert testimony.

As previously stated, on August 25, 2015 defense tendered to the Government defendant's July 9 statements. As such, defense has provided all of the bases of Farrell's opinion and is in full compliance with Rule 702 and *Daubert.* Likewise, with access to Farrell's underlying data and facts, any issue of ineffective cross-examination and potential prejudicial effect of his testimony is alleviated.

WHEREFORE, for the foregoing reasons, the Defendant respectfully requests that this Court deny the Government's motion *in limine* to bar defense expert testimony.

Dated: August 26, 2015

                                                          Respectfully Submitted,

                                                          /s/ Daniel Q. Herbert

Daniel Q. Herbert  
Law Offices of Daniel Q. Herbert  
and Associates  
206 South Jefferson, Suite 100  
Chicago, Illinois 60661  
312-655-7660  
Attorney No. 6273940

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on August 26, 2015, he caused a copy of the foregoing **DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* TO BAR DEFENSE EXPERT TESTIMONY** to be filed electronically with the Clerk of the Court through CM/ECF, which will send notification of such filing to all counsels of record.

/s/ Daniel Q. Herbert
Daniel Q. Herbert
