# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 14-CR-00674 |
| v. | ) | |
| | ) | |
| ALDO BROWN | ) | Judge Virginia M. Kendall |
| | ) | |
| Defendant. | ) | |

## ALDO BROWN'S CONSOLIDATED
## MOTIONS *IN LIMINE*

NOW COMES, the defendant, ALDO BROWN, by and through his attorney DANIEL Q. HERBERT, from the Law Offices of Daniel Q. Herbert & Associates, and submits the following motions *in limine* pursuant to the Federal Rules of Evidence and applicable authorities relating thereto:

**1. Motion to bar occurrence witnesses from testifying regarding any opinion on the reasonable use of force.**

Brown moves to bar any testimony from law enforcement or any other government occurrence witnesses regarding the reasonableness of the use of force or lawfulness of the alleged seizure. The government may call law enforcement witnesses to testify regarding facts relevant to count one of the indictment. These witnesses have not been tendered as experts and given that the time to identify experts has past, these witnesses can only be considered as occurrence witnesses and as such, any opinion they provide regarding the use of force or seizure should be barred.

Law enforcement occurrence witnesses, should be barred from testifying regarding opinions on the use of force or the lawfulness of the seizure because such testimony would be based on specialized knowledge and exceed the knowledge of an untrained layperson. Unlike

expert opinions, a lay opinion must be: (a) rationally based on the witness' perception; (b) helpful to clearly understand the witness' testimony or determine a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge. Fed. R. Evid. 701. "Lay opinion 'most often takes the form of a summary of firsthand sensory observations' and may not 'provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events.'" *Tribble v. Evangeledes*, 670 F.3d 753, 758 (7th Cir. 2012).

The government may present certain law enforcement witnesses to provide opinions on the reasonable use of force or seizure. The government's law enforcement witnesses should be barred from giving such opinion testimony because such testimony would certainly be based on interpretations that an untrained layman could never make as excluded under Rule 701.

**2. Motion to bar the government from referencing any citizen complaints, disciplinary proceedings, or civil settlements or suits filed against Brown.**

The government should be barred from offering any testimony, evidence, or argument regarding any civilian complaints, disciplinary proceedings, or civil settlements or suits filed against Brown. Brown's motion should be granted because such evidence is not relevant and highly prejudicial to the issue of Brown's conduct in this case.

Any attempt to introduce testimony and evidence relating to prior instances of alleged misconduct by Brown should be barred. This evidence would most likely include, but would not necessarily be limited to, citizen complaints, disciplinary proceedings, and civil suits or settlements. Brown moves to bar this evidence because it constitutes improper character evidence and improper propensity evidence under Fed. R. Evid. 404. Moreover, such evidence is not relevant, is hearsay, and its probative value, if any, is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. *See* Fed. R. Evid. 402 and 403.

Any information or allegation that Brown acted wrongfully in the past is nothing more than impermissible propensity evidence. Propensity evidence is inadmissible to prove that a party acted on the occasion in question consistent with his alleged bad character. Fed. R. Evid. 404(b). *See e.g., Huddleston v. U.S.*, 485 U.S. 681, 685 (1988); *United States v. Gomez*, 763 F.3d 845 (2014). In this case, such evidence would serve only as an attempt to taint the well and suggest to the jury that because Brown was alleged to have acted improperly in the past, he probably acted improperly under the circumstances in this case. This is impermissible propensity evidence.

Additionally, even if there is some probative value in admitting this evidence, that probative value is overwhelmingly outweighed by the danger of unfair prejudice under Fed. R. Evid. 403. *See e.g., Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2nd Cir. 1991) (holding that the admission of evidence of other complaints against officers was irrelevant and overwhelming prejudicial to the defendant); *Lataille v. Ponte*, 754 F.2d 33, 34 (1st Cir. 1985) (prejudicial error to admit past disciplinary record).

   **3. Motion to bar the government from using disparaging, inflammatory, and conclusory labels when referencing Brown.**

The government should be barred from using any disparaging, inflammatory and conclusory labels when referencing Brown as the use of any such labels by the government is highly prejudicial and probative to no issue.

   **4. Motion to bar the government from vouching for its witnesses.**

The government should be barred from expressly vouching for the creditability of its witnesses and from implying that it knows its witnesses are telling the truth. *See United States v. Melendez*, 57 F.3d 238, 240 (2nd Cir. 1995) (nothing that the latter constitutes improper vouching). Specifically, improper vouching occurs when a prosecutor either (1) bluntly states a personal belief in a witness's credibility, "thereby placing the prestige of the office of the United States Attorney

behind that witness," or (2) "implies that the witness's testimony is corroborated by the evidence known to the government but not known to the jury." *United States v. Francis*, 170 F.3d 546, 550-51 (6th Cir. 1999). Neither action is proper because each deprives the defendant of a fair trial. Accordingly, any form of government vouching should be barred.

5. **Motion to bar the government from bolstering its witnesses.**

The prosecution should also be prohibited from "bolstering" its witnesses by offering evidence solely for the purpose of enhancing a witness's creditability. Such evidence is inadmissible because it "has the potential for extending the length of trials enormously … asks the jury to take the witness's testimony on faith, … and may … reduce the care with which jurors listen for inconsistencies and other signs of falsehood or inaccuracy." *United States v. Lindemann*, 85 F.3d 1232, 1242 (7th Cir. 1996) (quoting *United States v. LeFevour*, 798 F.2d 977, 983 (7th Cir. 1986)).

6. **Motion to bar the government from presenting evidence that defendant had a street name or nickname**.

During a television interview, Jecque Howard claimed that defendant was well known in the neighborhood and he had a street name or nickname. Whether or not defendant was known in the neighborhood or had a street name or nickname does not have any tendency to make a fact more or less probative and has no bearing on any issue of consequence. Even if there were a scintilla of probative value, which there is not, the prejudicial effect of presenting such evidence far outweighs any alleged value.

7. **Motion to bar the government from referencing any other case or event involving alleged police misconduct.**

The government should be barred from offering any testimony, evidence, or argument regarding any other cases or events, locally or nationally, involving alleged police

misconduct because such evidence is not relevant to any issue and is highly prejudicial.

   8. **Motion to bar the government from referencing or presenting any evidence that defendant knew or had any prior dealings on duty or off duty with Jecque Howard or any other government witnesses.**

Whether or not defendant had any prior dealings with Jecque Howard or any other government witness has no bearing on the events of September 27, 2012 or any subsequent action. The government should be barred from offering any testimony, evidence, or argument regarding whether defendant knew or had any prior contact on duty or off duty with Jecque Howard or any other government witness because such evidence is not relevant and highly prejudicial.

   9. **Motion to bar the government from referencing or presenting any evidence regarding the outcome of Jecque Howard's criminal case.**

The indictment against defendant contains three counts. Count one alleges defendant deprived Jecque Howard of his constitutionally protected right to be free from unlawful seizure and the use of unreasonable force. Counts two and three allege defendant intended to impede an FBI investigation by making false entries in a tactical response report and arrest report. After the arrest at issue, Jecque Howard was charged with Unlawful Use of Weapon and Possession of Cannabis. The Cook County State's Attorney's Office decided not to pursue the prosecution against Jecque Howard and dismissed the case. Whether or not the Cook County State's Attorney's office dismissed the case or proceeded to conviction, has no bearing on any issue before this court. While the allegations in Count one stem from the facts and circumstances surrounding the arrest of Howard, the State's Attorney's belief that it could not prove Howard guilty beyond a reasonable doubt has no bearing on any of the issues or facts leading to the alleged deprivation of Howard's rights. Moreover, Counts two and three only involve the purported investigation by the FBI and have no connection with the criminal charges or the outcome of the criminal case against Howard.

Even if there were a hint of probative value, which there is not, it is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. *See* Fed. R. Evid. 402 and 403. Testimony or any reference to the dismissal of the criminal case would only confuse and mislead the jury by implying that the State's Attorney dismissed the serious criminal charges against Howard because of the circumstances of the arrest. Even if this were true, it has no bearing on any of the facts or proof required to be presented in the present matter. In addition to confusing the jury on the impact of the criminal case, which is none, such testimony is highly prejudicial to defendant and properly barred under Fed. R. Evid. 402 and 403.

## CONCLUSION

WHEREFORE, the defendant, ALDO BROWN requests that this Honorable Court grant his motions *in limine*.

Respectfully submitted,

/s/ Daniel Q. Herbert_____
Attorney for Aldo Brown
DANIEL Q. HERBERT
Law Offices of Daniel Q. Herbert & Associates
206 S. Jefferson, Suite 100
Chicago, IL 60661
T: 312-655-7660
Attorney No. 6273940

## CERTIFICATE OF SERVICE

I, Daniel Q. Herbert, hereby certify that on October 2, 2015, I electronically filed the foregoing defendant Aldo Brown's Consolidated Motions *In Limine* with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                        /s/ Daniel Q. Herbert
                                        DANIEL Q. HERBERT
                                        Law Offices of Daniel Q. Herbert & Associates
                                        206 S. Jefferson, Suite 100
                                        Chicago, IL 60661
                                        T: 312-655-7660