UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALDO BROWN | No. 14 CR 674<br><br>Judge Virginia M. Kendall |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTIONS *IN LIMINE* [DOC. #63]**

The UNITED STATES OF AMERICA, by its attorney, ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, hereby submits the following responses to defendant's motions *in limine*. (Doc. #63.)

**I.    The Motion Regarding Opinion Testimony On Use of Force**

This motion should be denied as moot. The government agrees that opinion testimony regarding the reasonableness of the defendant's use of force is not proper and should be excluded at trial. Indeed, the government has moved to exclude defendant's proposed expert, in part, on this basis. "The question of whether a police officer has used excessive force in arresting a suspect is a fact-intensive inquiry turning on the reasonableness of the particular officer's actions in light of the particular facts and circumstances of the situation faced." *Thompson v. City of Chicago*, 472 F.3d 444, 458 (7th Cir. 2006). Therefore, opinion testimony regarding reasonableness should not be permitted at trial.[1] It is proper, however, for the

---

[1] In the event that this Court finds that opinion testimony regarding the reasonableness of defendant's use of force should be admitted at trial, the government – out of an abundance of caution – did disclose one witness as an expert on the use of force.

1

government to ask witnesses regarding the particular facts and circumstances of the situation. *Id.*

## II. Motion to Exclude References to Citizen Complaints, Disciplinary Proceedings, Civil Settlements, or Lawsuits Involving the Defendant.

The government does not intend to introduce evidence in its case-in-chief regarding citizen complaints, disciplinary proceedings, or lawsuits involving the defendant. However, the government anticipates that the defense will ask several witnesses questions on cross-examination regarding a lawsuit, filed against the City of Chicago (as a result of the specific incident described in the indictment) and a subsequent settlement agreement, in order to suggest a bias or interest by the witnesses who were plaintiffs in that lawsuit. If the defense intends to cross-examine witnesses on this lawsuit, then the government should be allowed to address the lawsuit directly during its direct examination. If the defense does not intend to question any of the witnesses regarding the lawsuit or settlement, then the government will not elicit this information. As of this time, the defense has not identified its position. Therefore, the motion should be denied with respect to the specific lawsuit at this time.

## III. Motion Regarding "Disparaging, Inflammatory, and Conclusory Labels"

The government will abide by its ethical obligations during arguments at the trial, therefore this motion should be denied as moot. *See United States v. Durham*, 211 F.3d 437, 440 (7th Cir. 2000) ("We have held that so long as the evidence supports the comments, prosecutors may speak harshly about the actions and

conduct of the accused.") Furthermore, defendant's motion is generalized and vague and should also be denied on this ground.

### IV. Motion Regarding the Vouching of Witnesses

This motion should be denied as moot because government acknowledges that may not improperly vouch for the credibility of its witnesses. Specifically, the Seventh Circuit has held that "[i]t is improper for a prosecutor to express her personal belief in the truthfulness of a witness, and it is improper for a prosecutor to imply that facts not before the jury lend a witness credibility." *United States v. Renteria*, 106 F.3d 765, 767 (7th Cir. 1997). However, the government is permitted to respond to specific defense arguments regarding credibility of witnesses.

### V. Motion Regarding the "Bolstering" of Witnesses

The government objects to this motion. The government is permitted to present evidence corroborating its witnesses' testimony so long as this evidence is admissible under the Rules of Evidence. Accordingly, this motion should be denied.

### VI. Motion Regarding Defendant's Street Name Or Nickname

The government will not elicit evidence of defendant's street name or nickname. Therefore, the motion should be denied as moot.

### VII. Motion Regarding Other Police Misconduct

The government will not present evidence of, or argue, instances of other police misconduct. Therefore, the motion should be denied as moot.

### VIII. Motion Regarding Prior Dealings Between the Defendant and the Victim

The government will not present evidence regarding any prior dealings between the victim and the defendant unless invited by the defense. Specifically, Victim A has identified a prior incident in which the defendant beat up Victim A's brother. The government does not intend to elicit any testimony regarding the prior incident with Victim A's brother, unless it becomes relevant as a result of cross-examination questions.

### IX. Motion Regarding the Outcome of Victim A's Criminal Case

The government objects to this motion because the outcome of Victim A's criminal case is relevant to the question of Victim A's bias against the defendant. Specifically, the charges against Victim A were dismissed. Furthermore, the government is admitting into evidence the arrest report of the incident, which is the basis of the charges in Counts Two and Three. Therefore, the jury will be aware that Victim A was arrested and charged with three offenses as a result of the incident. Omitting the outcome of the criminal case creates a serious risk of confusion and incorrect inferences by the jury, which could adversely affect both the government and the defense. In other words, concealing this information from the jury would create a situation where the jury may incorrectly infer: (a) that Victim A is a convicted felon as a result of the defendant's conduct, (b) that Victim A is biased against the defendant as a result of the outcome of the criminal case, and (c) that the reasonableness of defendant's conduct was previously litigated in the state case. Indeed, the Seventh Circuit Pattern Instruction 3.01 instructs witnesses to consider

"[w]hether the witness had *any* bias, prejudice, or other reason to lie or slant the testimony" (emphasis added).

All of these inferences would be improper and prejudicial. Therefore, in order to avoid confusion, the government proposes it should be allowed to address the outcome of the criminal case with Victim A and the jury should be specifically instructed that they should not speculate regarding the reason or reasons why the criminal case was dismissed and that the jury should not consider this in their deliberations.

## X. Conclusion

For the reasons set forth above, defendant's motion should be denied.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: /s/ *Jessica Romero*
JESSICA ROMERO
LINDSAY JENKINS
Assistant U.S. Attorney
219 South Dearborn St., Rm. 500
Chicago, Illinois 60604
(312) 353-4137

5