UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | No. 14 CR 674 |
| v. | |
| | Judge Virginia Kendall |
| ALDO BROWN | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS [DOC. #69]**

**I.      Background**

*a.   The Indictment*

On November 18, 2014, the grand jury returned a three-count, speaking indictment against defendant Aldo Brown.  The charges relate to the defendant's unlawful seizure and use of unreasonable force, with respect to Victim A, on September 27, 2012, and the accuracy of the defendant's own police reports documenting the incident with Victim A, in violation of Title 18, United States Code, Sections 242 and 1519.  The case has been scheduled for trial on November 16, 2015.

Specifically, Count One of the indictment alleges that on or about September 27, 2012, the defendant, "acting under color of law, willfully subjected Victim A to the deprivation of rights . . . , specifically the right to be free from unlawful seizures protected by the Fourth and Fourteenth Amendments, and the right to be free from the use of unreasonable force protected by the Fourth and Fourteenth Amendments,

by such acts that included punching and kicking and resulted in bodily injury to Victim A." (Dock. #1, p. 1, ¶ 2.)

The indictment further specifies that defendant was a Chicago Police Department officer who, along with Officer A, "entered a convenience store located on East 76th Street in Chicago . . . . [and] placed certain individuals inside of the convenience store in handcuffs, including Victim A." (Dock. 1, p.1, ¶ 1(c)). The indictment also alleges that the defendant and Officer A "then began searching the store and the individuals inside." (Id.)

With respect to the defendant's use of force, the indictment alleges the following:

(d) Shortly after Officer A removed the handcuffs from Victim A, defendant Aldo Brown struck Victim A multiple times.

(e) At a time when Victim A was lying face down on the floor of the convenience store, again in handcuffs, defendant Aldo Brown recovered a firearm from Victim A's rear pants pocket.

(f) After the recovery of the firearm and while Victim A was still handcuffed and lying face down on the floor of the convenience store, defendant Aldo Brown kicked Victim A.

(Id. at p.1-2, ¶¶1(d)-(f)).

Count Two of the indictment incorporates the allegations in Count One of the indictment and also alleges that on or about September 27, 2012, defendant, with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the FBI, knowingly falsified

and made a false entry in a Chicago Police Department tactical response report under the specific event number 1227108076. (Dock. #1 at p. 3, ¶ 2.) Count Two further specifies that the false statements included "that Victim A was an 'active resister,' who 'fled' and 'pulled away,' and which did not indicate that defendant punched and kicked Victim A when defendant knew that Victim A did not actively resist, attempt to flee the situation, or pull away from defendant and that defendant punched and kicked Victim A." (Id.)

With respect to Count Three, the indictment incorporates the allegations set forth in Count One and alleges – as in Count Two – that defendant also falsified and made a false entry in the Chicago Police Department arrest report for the same incident. (Dock. #1 at p. 4, ¶ 4.) The indictment then identifies the portion of the arrest report that contained multiple false statements and specifies that "defendant knew that the arrest report was false for multiple reasons, including:

(a) defendant Aldo Brown did not observe a firearm on Victim A at the time of the field interview;

(b) defendant Aldo Brown did not know that Victim A had a firearm in his possession until after defendant Aldo Brown struck Victim A multiple times, handcuffed him for a second time, and Victim A was lying on the floor of the convenience store; and

(c) Victim A did not pull away from defendant Aldo Brown as indicated in the arrest report."

(Dock. #1 at p. 4-5, ¶¶ 2(a)-(c)).

### b. *Defendant's Motion*

Defendant has previously filed a motion for a bill of particulars, which the Court denied, and the deadline for pretrial motions has long passed. Nonetheless, on the eve of trial, defendant filed a motion to dismiss Counts Two and Three of the indictment on the ground that Title 18, United States Code, Section 1519 is unconstitutionally void for vagueness. Defendant also argues that Count Two fails to state an offense pursuant to Rule 12(b)(2).

For the reasons below, defendant's motion should be denied.

## II. Argument

### a. Section 1519 Is Not Unconstitutionally Vague

"[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). "Unconstitutionally vague statutes pose two primary difficulties: (1) they fail to provide due notice so that 'ordinary people can understand what conduct is prohibited,' and (2) 'they encourage arbitrary and discriminatory enforcement.'" *United States v. Cherry*, 938 F.2d 748, 753 (7th Cir.1991) (quoting *Kolender*, 461 U.S. at 357, 103 S.Ct. 1855). "The second of these two aspects is more important than the first." *United States v. Jackson*, 935 F.2d 832, 838 (7th Cir.1991). "Vagueness challenges to statutes not threatening First Amendment interests are examined in light of the facts of the case at hand; the statute is judged on an as-

applied basis." *Maynard v. Cartwright*, 486 U.S. 356, 361 (1988). There is no First Amendment right at issue here, so defendant's constitutional challenge is "evaluated as the statute is applied to the facts of this case." *Cherry*, 938 F.2d at 753 (internal quotation omitted).

Both the text of § 1519 as applied to the facts of this, as well as its intent requirement, defeat defendant's vagueness argument. Furthermore, the Third, Fifth, Sixth, and Eleventh Circuits, as well as one court in the Eastern District of Pennsylvania, have all rejected similar challenges. *See, e.g., United States v. McRae*, 702 F.3d 806, 836-37 (5th Cir. 2012); *United States v. Moyer*, 674 F.3d 192, 211 (3d Cir. 2012); *United States v. Kernell*, 667 F.3d 746, 752-53 (6th Cir. 2012); *United States v. Hunt*, 526 F.3d 739, 743 (11th Cir. 2008); *United States v. Norman*, 87 F.Supp.3d 737, 746 (E.D. Pa. 2015). Specifically, the text of the statute "rather plainly criminalized the conduct of an individual who (1) knowingly (2) makes a false entry in a record or document (3) with the intent to impede or influence a federal investigation." *Hunt*, 526 F.3d at 743. As the Third Circuit stated, "[a]s a law enforcement officer, [the defendant] cannot credibly argue that the statute was unconstitutionally vague as applied to him." *Moyer*, 674 F.3d at 211. Here, the indictment alleges that defendant, as a law enforcement officer, knowingly made false entries in police reports regarding his use of force. This falls within the plain meaning of § 1519, and as such, defendant was on notice that his conduct was unlawful.

The statute's intent requirement (that the defendant act knowingly *with the intent to impede, obstruct, or influence a matter*) further defeats any vagueness challenge. Given this *scienter* provision, the defendant "bears an especially heavy burden in raising his vagueness challenge," *Cherry*, 938 F.2d at 753, as "the Court has recognized that *scienter* requirements may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed," *Vill. of Hoffman Estates v. The Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 499 (1982). Such requirements diminish the likelihood of unfair enforcement. *United States v. Collins*, 272 F.3d 984, 989 (7th Cir. 2001).

In this case, the government must prove that the defendant acted knowingly and with the intent to impede, obstruct, or influence a matter that was within the jurisdiction of the FBI – specifically, the use of unreasonable force as alleged in Count One in the indictment. Therefore, there is no vagueness as applied to defendant's case.

Defendant's argument amounts to a factual one, not a constitutional one. In his motion, he argues that "[d]efendant was without knowledge of any ongoing or contemplated federal investigation, therefore was without notice that his actions were in violation of § 1519." Defendant is free to argue at trial that there is insufficient evidence that the defendant acted knowingly or "in contemplation of" a federal investigation and should be found not guilty. That is irrelevant to the question of vagueness, which has repeatedly been rejected by several federal courts and in similar circumstances. *McRae*, 702 F.3d at 836-37; *Moyer*, 674 F.3d at 211;

*Hunt*, 526 F.3d at 743; *Norman*, 87 F.Supp.3d at 746. Accordingly, defendant's motion should be denied.

### b. Count II Sufficiently States An Offense Pursuant to Rule 12(b)(2)

When evaluating a motion to dismiss the indictment, the Court must begin with the allegations in the indictment itself. In assessing a pre-trial motion to dismiss the indictment, factual allegations in the indictment are accepted as true. *United States v. Clark*, 728 F.3d 622, 623 (7th Cir. 2013). An indictment is reviewed on its face, regardless of the strength or weakness of the government's case. *United States v. White*, 610 F.3d 956, 958 (7th Cir. 2010). The burden is on the defendant to show that the indictment is deficient. *United States v. Dooley*, 578 F.3d 582, 590 (7th Cir. 2009).

In this case, Count Two of the indictment alleges the false entries consist of affirmative false representations, not omissions. The type of report at issue in Count Two of the indictment is tactical response report, which consists of a series of boxes for police officers to mark if particular circumstances were present or specific events occurred. Therefore, in the context of a tactical response report, if the "punch" or "kick" box is left blank, then it means that the defendant represented that he did not punch or kick the victim and that is a false entry. Therefore, defendant's misleading claim that Count Two alleges omissions, instead of false entries, is incorrect and the motion should be denied.

### III.    Conclusion

For the reasons set forth above, defendant's motion should be denied.


Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By:    /s/ *Jessica Romero*
JESSICA ROMERO
Assistant U.S. Attorney
219 South Dearborn St., Rm. 500
Chicago, Illinois 60604
(312) 353-4137