IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 14 CR 674 |
| | ) | |
| ALDO BROWN, | ) | Judge Virginia M. Kendall |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

A federal grand jury indicted Defendant Aldo Brown, a Chicago Police Officer, in a three-count indictment. Specifically, the indictment charges Brown with using excessive force in making an arrest in violation of 18 U.S.C. § 242 (Count I) and making false entries in Chicago Police Department ("CPD") records to conceal his conduct in violation of 18 U.S.C. § 1519 (Counts II and III). Regarding Count I, the indictment states that Brown struck and kicked Victim A while Victim A was handcuffed in a convenience store in Chicago. Brown allegedly recovered a firearm from Victim A when Victim A was lying face down on the floor of the convenience store. The indictment charges that Brown kicked Victim A as he lay on the floor after Brown recovered the firearm. The factual basis for Count II includes allegations that Brown made false entries in a CPD tactical response report by (1) designating Victim A as an "active resister" and (2) not disclosing that he physically struck Victim A. Finally, the factual basis for Count III is an allegation that Brown made other false entries in a CPD arrest report by claiming that (1) he had observed the firearm in Victim A's possession while interviewing him and (2) Victim A attempted to "pull away" from Brown. The indictment states that the entries described

in Counts II and III were false and made in an attempt to impede a federal investigation because Brown did not observe a firearm at the time of the field interview, Brown did not know that Victim A possessed a firearm before he struck Victim A, and because Victim A never attempted to pull away or resist Brown.

Brown now moves to dismiss Counts II and III of the indictment (Dkt. No. 69), asserting that Section 1519 is unconstitutionally void for vagueness and that Count II charges conduct beyond the scope of Section 1519. Brown's second argument is premised on the contention that Brown's failure to mark boxes evidencing that he struck Victim A were omissions, rather than affirmative statements that the conduct did not occur. For the reasons detailed below, the Court denies Brown's motion to dismiss.

## **BACKGROUND**

On November 18, 2014, Brown was charged with unlawfully seizing and using unreasonable force on Victim A when Brown encountered Victim A at a convenience store in Chicago on September 27, 2012. Brown was also charged with two counts of falsifying his own police reports documenting the incident with Victim A. On the date of the incident, Brown was a Chicago police officer patrolling the area where the convenience store was located. Brown and Officer A entered the convenience store, placed a number of individuals within the store in handcuffs, and searched the store. At some point, Officer A allegedly removed Victim A's handcuffs and Brown struck Victim A several times. Once Victim A was lying face down on the floor of the store, Brown recovered a firearm from Victim A's pocket. After recovery of the firearm, and while Victim A was still lying face down and handcuffed, Brown kicked Victim A.

On the same date, after the physical events were finished, Brown allegedly provided false information on both a tactical response report and an arrest report. Brown wrote that Victim A

was an "active resister," and that he "fled" and "pulled away," despite the fact that Victim A allegedly did not. Brown also failed to disclose that he punched and kicked Victim A on the reports.

The charge against Brown regarding his unlawful seizure of and use of excessive force on Victim A is brought pursuant to 18 U.S.C. § 242, which makes it unlawful for any person, "under color of any law . . . [to] willfully subject any person . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States[.]" 18 U.S.C. § 242. The charges against Brown surrounding his allegedly false police reports are brought pursuant to 18 U.S.C. § 1519, which provides that "[w]hoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States" shall be subject to criminal liability. 18 U.S.C. § 1519.

## LEGAL STANDARD

A legally sufficient indictment is one that "(1) states all the elements of the crime charged; (2) adequately informs the defendant of the nature of the charges so that he may prepare a defense; and (3) allows the defendant to plead the judgment as a bar to any future prosecutions." *United States v. White*, 610 F.3d 956, 958-59 (7th Cir. 2010) (citing Fed. R. Crim. P. 7(c)(1)). The Court reviews an indictment on its face, *see id.*, accepting all of its allegations as true at this stage. *See United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009). Whether the Government will ultimately be able to prove its case charged in the indictment is of no import when determining whether the indictment is legally sufficient. *See White*, 610 F.3d at 959. "Indictments are reviewed on a practical basis and in their entirety, rather than in a

hypertechnical manner." *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000) (citations and internal quotation marks omitted). Generally, an indictment that tracks the words of a statute to state the elements of the crime is sufficient, provided that it includes facts capable of placing the defendant on notice of the specific conduct charged. *See White*, 610 F.3d at 958-59.

## DISCUSSION

### A. Void for Vagueness Analysis

Brown advances both facial and as applied challenges to Section 1519, arguing that the statute criminalizing the falsification of a record in an effort to impede a federal investigation is void for vagueness. Brown contends that facially, Section 1519 creates an unbridled potential for criminal liability because any matter can hypothetically fall within the purview of a federal agency. As applied to his case specifically, Brown argues that the statute is unconstitutionally vague because it does not require a defendant to know of an ongoing or contemplated federal investigation when making the false entry. Brown claims that because he was unaware of any ongoing or contemplated investigation related to the conduct and documents at issue, he was without notice that his actions violated Section 1519. Because Section 1519 sufficiently sets out the criminal offense it applies to, the Court rejects Brown's vagueness challenges.

"A fundamental principle in our legal system is that laws which regulate persons or entities must give fair notice of conduct that is forbidden or required." *F.C.C. v. Fox Television Stations, Inc.*, 132 S. Ct. 2307, 2317 (2012). To satisfy due process, "a penal statute [must] define the criminal offense [1] with sufficient definiteness that ordinary people can understand what conduct is prohibited and [2] in a manner that does not encourage arbitrary and discriminatory enforcement." *United States v. Sylla*, 790 F.3d 772, 774 (7th Cir. 2015) (quoting *Skilling v. United States*, 561 U.S. 358, 402-03 (2010) (annotations in original). A statute is

"void for vagueness" where it fails to provide fair notice of the forbidden conduct or "is so indefinite that it encourages arbitrary and erratic arrests and convictions[.]" *Sylla*, 790 F.3d at 774 (quoting *Colautti v. Franklin*, 439 U.S. 379, 390 (1979)). "It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Mazurie*, 419 U.S. 544, 550 (1975) (citation omitted); *see also United States v. Pitt-Des Moines, Inc.*, 168 F.3d 976, 986 (7th Cir. 1999). Section 1519 criminalizes the destruction, alteration, or falsification of records related to federal investigations and has no bearing on First Amendment freedoms. Because Brown's facial challenge may therefore be summarily dismissed, the Court proceeds to analyze the clarity of the statute as applied to the circumstances charged in the indictment.

There is no concern for vagueness here. Brown initially contends that Section 1519 fails to define the scope of the prohibited conduct with sufficient particularity such that the potential for criminal liability for the falsification of a document is nearly unlimited. Although the Seventh Circuit has not yet addressed the argument, a plurality of other circuits has universally held such blanket vagueness contentions fruitless. *See United States v. McRae*, 702 F.3d 806, 837 (5th Cir. 2012) (the statute criminalizes three circumstances "involving a matter within the jurisdiction of a federal agency and a defendant acting with an obstructive intent: (1) when a defendant acts directly with respect to . . . a pending matter, (2) when a defendant acts in contemplation of any such matter, and (3) when a defendant acts in relation to any such matter.") (citation and internal quotation marks omitted); *United States v. Moyer*, 674 F.3d 192, 211 (3d Cir. 2012) (Section 1519 "rather plainly criminalizes the conduct of an individual who (1) knowingly (2) makes a false entry in a record or document (3) with the intent to impede or influence a federal investigation.") (citation omitted); *United States v. Hunt*, 526 F.3d 739, 744

(11th Cir. 2008) (the statute's "plain language placed [the defendant] on notice that his action of knowingly making a false statement about the circumstances of [an] arrest with the intent to impede an FBI investigation was conduct sufficiently proscribed by" Section 1519). Here, Brown is charged with knowingly making multiple false entries in multiple police reports regarding his encounter with an individual and his use of force. The indictment further alleges that Brown manipulated his reports in an effort to conceal his wrongdoing from any FBI investigation. This charged conduct falls directly within the proscribed conduct and Section 1519 is not vague as applied to Brown under these facts.

Moreover, Brown's argument that the statute provides the Government with a virtually unlimited scope on what conduct to prosecute amounts to an attack on the effect the statute may have on hypothetical defendants and is inapplicable to his case. *See Holder v. Humanitarian Law Project*, 561 U.S. 1, 18-19 (2010) (courts "consider whether a statute is vague as applied to the particular facts at issue"). The "potential for other hypothetical defendants to be punished for conduct remotely connected to an investigation" is not a reason to declare the statute vague as applied to Brown. *See McRae*, 702 F.3d at 837. Here, Brown had notice that his charged conduct was unlawful. He allegedly knowingly provided false information on tactical response and arrest reports stemming from an altercation where he allegedly used excessive force. As a police officer himself, it is entirely plausible that Brown recognized the underlying incident, where he allegedly struck and kicked a victim several times, would be the subject of an investigation within the purview of a United States agency. *See Moyer*, 674 F.3d at 211 ("As a law enforcement officer, [the defendant] cannot credibly argue that the statute was unconstitutionally vague as applied to him . . . any person . . . would comprehend that this statute prohibits a police officer from knowingly writing a false report with the intent to impede an ongoing, or future,

investigation."). Brown's alleged conduct, therefore, falls plainly within the prohibitions of Section 1519, and accordingly, the statute's "plain text" placed him "on notice [that] his conduct was unlawful." *See Hunt*, 526 F.3d at 743.

Brown additionally points to the statute's requirement that the charged conduct be related to an ongoing or contemplated federal investigation as ammunition for his position that the statute is unconstitutionally vague as applied to him because he was without knowledge of any federal investigation at the time of his actions. The problem with Brown's argument is that actual knowledge of an investigation, whether ongoing or contemplated, is unnecessary under the statute. All that is required is that Brown falsified information in an attempt to impede a federal investigation, whether current, proposed, or in the future. *See Moyer*, 674 F.3d at 212 (sufficient for government to prove that defendant acted in "contemplation of" an investigation into a racially motivated assault, which was within the jurisdiction of the FBI: "Although this interpretation makes criminal liability very broad under § 1519, this is consistent with the legislative history and other cases to consider the question.") (citation and internal quotation marks omitted); *United States v. Kernell*, 667 F.3d 746, 755 (6th Cir. 2012) ("The belief that a federal investigation directed at the defendant's conduct might begin at some point in the future satisfies the 'in contemplation' prong."); *United States v. Yielding*, 657 F.3d 688, 712 (8th Cir. 2011) (" 'nexus' requirement urged by [the defendant]—that the government must show the accused knew his actions were likely to affect a federal matter—does not apply to a prosecution for the knowing falsification of documents under § 1519."); *United States v. Gray*, 642 F.3d 371, 379 (2d Cir. 2011) ("§ 1519 does not require the existence or likelihood of a federal investigation."). Of course, at trial, the Government will be required to prove beyond a reasonable doubt that Brown contemplated a federal investigation into the incident when he

falsified his reports. Brown is free to argue that he did not know about any investigation and did not contemplate any investigation in the future. That will be a factual question for the jury to decide. Because the statute is not vague as applied to the circumstances and facts present here, the Court denies Brown's motion to dismiss Counts II and III on this basis.[1]

B.   **Scope of Section 1519**

Brown takes issue with Count II's inclusion of his failure to indicate that he "punched and kicked Victim A when [he] knew that Victim A did not actively resist[.]" (Dkt. No. 1 at 3.) Brown recognizes that Count II includes specific allegedly false entries in the report, in that he claimed Victim A was an active resister who attempted to flee and pull away, but argues that his failure to state that he struck Victim A was an omission, not a false entry, and that omissions are not covered under Section 1519. Brown moves to dismiss these allegations under Federal Rule of Criminal Procedure 12(b)(2), asserting that the conduct is beyond the scope of the charged statute and therefore fails to state an offense.

The Court denies Brown's motion to dismiss on this ground as well. Brown is charged under Section 1519, which only criminalizes the making of a false entry. The Government contends that Brown's failure to mark the "punch" and "kick" boxes of his tactical response report, despite both punching and kicking Victim A, amounts to an affirmative representation that Brown did not punch or kick Victim A on September 27, 2012. The Government intends to present evidence that CPD officers are trained that failing to check a box represents that the conduct did not occur. The Government therefore is not pursuing a theory that attempts to bring omissions within the scope of Section 1519. It is the Government's burden to prove that failing

---

[1] Any concerns regarding statutory vagueness are further eliminated by Section 1519's scienter requirement. Here, the statute requires the Government to establish that Brown acted knowingly with the intent to impede an investigation. This scienter requirement "alleviate[s] vagueness concerns" because a mens rea element makes it exceedingly unlikely that a defendant will be convicted for an action mistakenly made. *See Gonzales v. Carhart*, 550 U.S. 124, 149 (2007) (citation omitted).

to check a box is the equivalent of stating that something did not happen, of course, and Brown is free to present conflicting evidence and argue otherwise. Again, this is a question for the jury, but there is no concern here that the charged conduct goes beyond the charged statute. Brown's motion to dismiss is therefore denied in its entirety.

## CONCLUSION

For the reasons stated herein, the Court denies Brown's motion to dismiss Counts II and III of the indictment (Dkt. No. 69).

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 10/19/2015